IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE VINSON, Inmate #B-82626, )<br>)<br>Plaintiff,        )<br>)<br>vs.                                                          )<br>)<br>CLARENCE FAUST, *et al.*,                )<br>)<br>Defendants.        ) | CIVIL NO. 05-535-WDS |

### MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, a prisoner proceeding *pro se*, has filed an Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 together with a civil action pursuant to 42 U.S.C. § 1983. However, Plaintiff has not submitted a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint as required by § 1915(a)(1).

In his motion, Plaintiff states that he has requested copies of his account statements, but that he has yet to receive them from the institutions; he believes that I.D.O.C. officials are deliberately refusing to provide him with this information in order to thwart his litigation efforts. The Court notes that the Court's form affidavit was signed by Lynn Band on July 12, 2005, but Band only provided a current account balance of $64.60; the lines requesting Plaintiff's account balances for the preceding three months were left blank. Given that the I.D.O.C. has not previously demonstrated a pattern of withholding account statements that are required by federal statute, the Court would hope that the I.D.O.C.'s failure to provide an account statement in this case was simply an oversight.

**IT IS HEREBY ORDERED** that Plaintiff shall submit, within **THIRTY (30) DAYS** of the

date of the entry of this order, a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint.  Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court.  Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.*  28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to respond to this order, this case may be closed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

In addition to the copy sent to Plaintiff, the Clerk is **DIRECTED** to send a courtesy copy of this order to the trust fund officer at Pinckneyville Correctional Center.

**IT IS SO ORDERED.**

**DATED: August 10, 2005**

　　　　　　　　　　　　　　　　　　　　　　　　**s/ WILLIAM D.  STIEHL**
　　　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**